# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL KOPEC, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>RAS CITRON, LLC, and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, DANIEL KOPEC, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, RAS CITRON, LLC, ("RAS"), JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Morris County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. RAS maintains a location at 130 Clinton Road, Suite 202, Fairfield, NJ 07004.

8. Upon information and belief, RAS uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. RAS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from RAS, concerning a debt owed to NATIONSTAR MORTGAGE, LLC d/b/a/ MR. COOPER, between March 22, 2017 and March 22, 2019, which included the alleged conduct and practices described herein
- The class definition may be subsequently modified or refined.
- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether the Defendant violated various provisions of the FDCPA;

      b.      Whether Plaintiff and the Class have been injured by the Defendant's conduct;

      c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class

> members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.
>
> - Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or before June 8, 2018, Plaintiff allegedly incurred a financial obligation to NATIONSTAR MORTGAGE, LLC d/b/a/ MR. COOPER ("NATIONSTAR").

16. The NATIONSTAR obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The NATIONSTAR obligation was not arise out of a business purpose.

18. The NATIONSTAR obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. NATIONSTAR is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. On or before June 8, 2018, the NATIONSTAR obligation was assigned to RAS for the purpose of collection.

21. At the time NATIONSTAR obligation was to RAS, the obligation was in default.

22. RAS caused to be delivered to Plaintiff a letter dated June 8, 2018, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A.**

23. The June 8, 2018 letter was sent to Plaintiff in connection with the collection of the NATIONSTAR obligation.

24. The June 8, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. Upon receipt, Plaintiff read the June 8, 2018 letter.

26. The first paragraph of the June 8, 2018 letter states in part" We are attempting to collect a debt."

27. The second page of the June 8, 2018 states in part:

    According to your Servicer, the total amount due on this loan as of July 05, 2018 is $378,786.38. This amount does not include any payments or advances made, interest, attorney's fess, costs or expenses incurred, or credit for any payments received after June 6, 2018. These additional amounts will result in the amount due after this date to be greater than the amount set forth above. Thus, if a payment is made for the above referenced Mortgage Account in the amount shown above, an adjustment may be necessary, in which event you will be informed before the payment is processed.

28. The second page of the June 8, 2018 letter further states:

    Unless you, within thirty (30) days alter receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed 10 be valid by us. Jr you notify us in writing within the above described thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of any judgment against you and a copy of such verification or judgment will be mailed to you by us. If the original creditor is different from the above-named creditor, then upon your written request within thirty (30) days after the receipt of this notice, we will provide you with the name and address the original creditor.

29. The last paragraph on the second page of the June 8, 2018 letter states:

    In order to verify the amount due prior to remittance, or for further information as it regards your Mortgage Account, please feel free to call us at 973.575.0707. Monday through Friday between the hours of 8:30 a.m. and 5:30 p.m. For more detailed payoff information. please submit a written request via fax to 973.404.8886, via email to payoff@rasnj.com. or via first class

       mail addressed to RAS Citron, LLC. l 30 Clinton Road. Lobby B, Suite 202. Fairfield, NJ 07004.

30.    Section 1692g(a) of the FDCPA requires the debt collector within five days of an initial communication send the consumer a written notice containing the following:

>(1) the amount of the debt;
>
>(2) the name of the creditor to whom the debt is owed;
>
>(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>(4) a statement that if the consumer notifies the debt collector *in writing* within the thirty- day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; [emphasis added] and
>
>(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

31.    [I]n order to comply with the requirements of § 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter-the required notice must also be conveyed effectively to the debtor." *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000), as amended (Sept. 7, 2000) (citations omitted). A debt collector violates the FDCPA when a validation notice is "overshadowed" or "contradicted by other portions of the communication. *Id.* at 111; *Wilson,* 225 F.3d at 354.

32.    The June 8, 2018 letter does not meet the requirements of the FDCPA, as interpreted by the Third Circuit, because it fails to inform the consumer of the "amount of the debt" pursuant to 15 U.S.C. 1692g(a)(1).

33. The June 8, 2018 letter does not meet the requirements of the FDCPA, as interpreted by the Third Circuit, because it falsely instructs the consumer that he may call RAS at 973.575.0707, to obtain verification of the debt, when in fact such request for verification must be in writing, pursuant to 15 U.S.C. 1692g(a)(4).

## **POLICIES AND PRACTICES COMPLAINED OF**

34. It is RAS' policy and practice to send initial written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (b) Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)*et seq.*;

    (c) Failing to accurately state the amount of the alleged debt;

35. On information and belief, RAS sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in New Jersey with one year of this Complaint.

## **COUNT I**

### **FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS**

36. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

37. Collection letters and/or notices, such as those sent by RAS, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

38. The June 8, 2018 letter fails to properly inform the least sophisticated consumer that in order to obtain verification of the debt that RAS was attempting to collect, that such request *must* be in writing.

39. The least sophisticated consumer upon reading the June 8, 2018 letter would be confused as to what he must do to effectively request verification the alleged debt.

40. The least sophisticated consumer upon reading the instructions in the June 8, 2018 letter would be mislead into believing that if he wished to obtain verification the alleged debt he may (1) send a written notice to RAS or (2) he may call RAS at 973-575-0707.

41. RAS violated 15 U.S.C. §1692g(a)(4) by failing to effectively inform Plaintiff what he must do in order to obtain verification the alleged debt.

42. RASA violated 15 U.S.C. §1692e(10) by falsely representing and misleading Plaintiff into believing that if he wished to obtain verification of the alleged debt or any portion thereof, he may: (1) writing to RAS; *or* (2) he may call 973-575-0707.

43. The June 8, 2018 letter is misleading because the instructions can be read to have two or more meaning, one of which is inaccurate.

44. Section 1692g(a)(1) requires the debt collector to provide within five days of its initial communication with the consumer , the amount of the debt.

45. The June 8, 2018 letter fails to effectively state the amount of the debt.

46. The June 8, 2018 letter fails to effectively state the amount of the debt as of the date of the letter.

47. The least sophisticated consumer upon reading the June 8, 2018 letter would be unsure of how much he would be required pay in if he wanted to pay *prior to* July 5, 2018.

48. The June 8, 2018 letter states an amount due almost a month into the future.

49. The least sophisticated consumer upon reading the June 8, 2018 letter would be confused as to how much RAS is alleging he owes and how much RAS attempting to collect from him.

50. The June 8, 2018 letter can be read to have at least three meanings: (1) the amount dues as of July 5, 2018 is $378,786.38; or (2) the amount dues as of July 5, 2018 is $378,786.38 *plus* any payment or advance made, *plus* any interest, *plus* any attorney's fees, *plus* any cost or expenses incurred, and *minus* any credit for payments received after June 6, 2018; or (3) the amount due as of the date of the letter (June 8, 2018) is some amount less than $378,786.38.

51. At least one of the above stated meanings of the June 8, 2018 letter is inaccurate.

52. RAS violated 15 U.S.C. §1692e(2)(A) by falsely representing in the June 8, 2018 letter, the amount of the NATIONSTAR debt.

53. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

54. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

55. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

56. Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

57. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

58. Plaintiff has suffered damages and other harm as a direct result of RAS' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against RAS CITRON, LLC as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 22, 2019

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 22, 2019

                                                */s/ Joseph K. Jones*
                                                Joseph K. Jones, Esq.

# Exhibit A

Michelle M. Zelina, Esq.**
Jenine R. Davey, Esq. *#,**
Steven D. Krol, Esq.
Laura M. Egerman, Esq.
Monika Pundalik, Esq.
Lana Sukhman, Esq.*
Naser Selmanovic, Esq.
Christopher Ford, Esq.*
Jennifer A. Stead, Esq.*
Aleisha Jennings, Esq.
Jeffrey Grabowski, Esq.
Amira Irfan, Esq.**
Micah Pakay, Esq.
Shannon Dobel, Esq.**
Brandon Pack, Esq.*#
James DiMaggio, Esq. *#
Melissa Crotty, Esq.
Zayln Bajor, Esq.*#
Marguerite Mounier-Wells, Esq.*

Attorneys above are admitted in NJ
* Also admitted in NY
** Also admitted in FL
*# Also admitted in PA



**RAS CITRON LAW OFFICES**

130 CLINTON ROAD, SUITE 202
FAIRFIELD, NJ 07004
973-575-0707
Facsimile 973-404-8886

Richard M. Citron, Esq.
Member of New Jersey Bar
Member of Pennsylvania Bar
Jim L. Robertson, Esq.
Member of Texas Bar
Everett L. Anschutz, Esq.
Member of Texas Bar
David J. Schneid, Esq.
Member of Florida Bar

June 08, 2018

DANIEL KOPEC

RE:  Loan Number: XXXXXXX827
     Mortgaged Premises:
     Servicer: Nationstar Mortgage LLC d/b/a Mr. Cooper
     Creditor: NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER

Dear Borrower(s):

This office represents the above-named Servicer who is servicing your Mortgage Account on behalf of your Creditor. The Servicer has referred your Mortgage Account to this office to pursue the Creditor's legal rights in a foreclosure action. We are attempting to collect a debt. Any information obtained by us from you or about you will be used for that purpose.

**SPECIAL NOTICE IN THE EVENT YOU HAVE FILED BANKRUPTCY**

If you have received a Chapter 7 discharge under the Bankruptcy Code of the United States, or if your mortgage is the type which has been discharged pursuant to a completed Chapter 11, Chapter 12, or Chapter 13 plan, this letter is not intended, and does

130 Clinton Road, Suite 202- Fairfield, NJ 07004
Office: 973-575-0707 - 973-404-8886

not constitute, an attempt to collect a debt against you personally. As such, if you have received a discharge under any Chapter of the Bankruptcy Code of the United States, this is not an attempt to assert that you have any personal liability for this debt.

In addition, if you have a pending bankruptcy case, and the Premises are subject to a bankruptcy stay, this letter has been sent to you because RAS CITRON, LLC, may not have been notified of your bankruptcy case. If you have a pending bankruptcy case, and the Premises are subject to a bankruptcy stay, it is IMPORTANT that your attorney, or you, if you have no attorney, contact us immediately and provide us with notice of your bankruptcy case.

According to your Servicer, the total amount due on this loan as of July 05, 2018 is $378,786.38. This amount does not include any payments or advances made, interest, attorney's fees, costs or expenses incurred, or credit for any payments received after June 06, 2018. These additional amounts will result in the amount due after this date to be greater than the amount set forth above. Thus, if a payment is made for the above referenced Mortgage Account in the amount shown above, an adjustment may be necessary, in which event you will be informed before the payment is processed.

**The above outstanding balance is furnished for statutory purposes and is not to be treated as a payoff or an estoppel.**

Unless you, within thirty (30) days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by us. If you notify us in writing within the above described thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of any judgment against you and a copy of such verification or judgment will be mailed to you by us. If the original creditor is different from the above-named creditor, then upon your written request within thirty (30) days after the receipt of this notice, we will provide you with the name and address of the original creditor.

Written requests, disputes or notifications, other than requests for payoff or reinstatement figures (which should be submitted as set forth in the next paragraph below) should be addressed to:

RAS Citron, LLC

ATTN: Fair Debt Collection Clerk

130 Clinton Road, Suite 202

Fairfield, NJ 07004

In order to verify the amount due prior to remittance, or for further information as it regards your Mortgage Account, please feel free to call us at 973.575.0707, Monday through Friday between the hours of 8:30 a.m. and 5:30 p.m. For more detailed payoff information, please submit a written request via fax to 973.404.8886, via email to payoff@rasnj.com, or via first class mail addressed to RAS Citron, LLC, 130 Clinton Road, Lobby B, Suite 202, Fairfield, NJ 07004.

Office: 973-575-0707 - 973-404-8886

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use of threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

**The law firm of RAS Citron, LLC and the attorneys it employs are debt collectors attempting to collect a debt. Any information obtained by us from you or about you will be used for that purpose.**

Sincerely,

RAS Citron, LLC

By: \S\ Amira Irfan
**Amira Irfan**

RAS CITRON LLC
130 CLINTON ROAD, SUITE 202
FAIRFIELD, NJ 07004

DANIEL KOPEC

